UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ASHLEY ENGELBERT,**

Plaintiff,

vs.                                           CASE NO:  22-cv-2147

**LAMPERT'S HOME THERAPY, INC.
a/k/a LAMPERT'S THERAPY GROUP
and HAROLD LAMPERT,**

Defendants.

_____/

**COMPLAINTFOR UNPAID OVERTIME UNDER
THE FAIR LABOR STANDARDS ACT**

Plaintiff, ASHLEY ENGELBERT ("Plaintiff" or "Engelbert"), by and through undersigned counsel, hereby sues Defendants, LAMPERT'S HOME THERAPY GROUP, INC. a/k/a LAMPERT'S THERAPY GROUP, a Florida for profit corporation ("Defendant" or "Lampert's Therapy") and HAROLD LAMPERT, individually, ("Defendant" or "Lampert") and alleges as follows:

## **JURISDICTION AND VENUE**

1.     This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2.     Plaintiff is a resident of Pinellas County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff worked as a physical therapist for Defendants from after September 15, 2019 until July 2021.

3.     Defendant Lampert's Therapy was at all times material hereto doing business within the jurisdiction of the District Court of the Middle District of Florida, where Plaintiff was employed.  Lampert works in the Lampert Therapy physical therapy location in Largo, Pinellas County, Florida and is listed as Lampert Therapy's president.

4.     This action is brought by Plaintiff to recover from Defendants unpaid overtime wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

5.  Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant Lampert Therapy is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated as a business enterprise which provides physical and occupational therapy to individuals at a physical therapy facility. This facility made use of devices and equipment supplied from without the State of Florida and the facility made use of interstate communications such as internet connections, interstate telephone usage, interstate facsimile usage, sending and receiving mail from without the State of Florida using the United States Postal Service.

6.  Upon information and belief, the annual gross revenue of Defendant Lampert Therapy was at all times material hereto in excess of $500,000.00 per annum. Payments received by Lampert Therapy was frequently paid by Medicaid which is funded, at least in part, by funds from the United States Government.

7.  By reason of the foregoing, the Lampert's Therapy was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). Defendant Lampert's Therapy is the "employer" of Plaintiff, who is Defendant's "employee."

8. Defendant Lampert is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly and indirectly involved in decisions affecting employee compensation and hours worked by the Plaintiff. Lampert would gather, review and calculate billable hours; calculate payments due for assessments performed by Plaintiff; enter the pay data into the payroll system; and be in charge of distributing paychecks to Plaintiff.

9. Plaintiff, worked as a physical therapist for Defendants. She provided physical therapy for children at Defendant's therapy clinic. The parties had entered into a THERAPIST EMPLOYMENT AGREEMENT (Attached Exhibit #1) which governed the terms of the Plaintiff's employment. This agreement provides for compensation for time spent directly with patients ("billable hours") and time spent completing documentation related to the care provided to patients.

> 9. <u>Rate of Pay</u>. Employee will be paid on an hourly basis for completed sessions and accompanying documentation at the rate of: $35.00 per hour.

In practice, Plaintiff was paid a fixed amount of money for an "evaluation" and a set dollar figure for sessions she had with patients providing therapy. There was no compensation for the time spent completing documentation regarding the patient. There was also no

overtime pay when the Plaintiff worked in excess of forty (40) hours in a work week. (See Exhibit #2 pay stub)

An "evaluation" is an initial meeting with a patient to determine the scope of the services to be provided to the patient. In Exhibit 2, the compensation for one Evaluation is reflected as "250." This represents $250.00 in pay for performing on Evaluation in the two-week pay period. Where the paystub states "Qty," this represents the number of sessions Plaintiff had with patients during a pay period. In Exhibit #2, Plaintiff performed 100.25 sessions and was paid $42.00 for each session. These sessions represent the "Billable Hours" contemplated in the THERAPIST EMPLOYMENT AGREEMENT.

The amount paid to Plaintiff for "billable hour" and for "assessments" varied over the time of her employment.

## COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

9.  Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 8 above.

10. During the material time period Plaintiff was employed as a physical therapist by Defendants and provided physical therapy services to patients at Defendants' facility.

11.     During the material time period Plaintiff was paid using two different methods: 1) a fixed payment for performing evaluations, and 2) on a unit basis for each "billable hour" associated with physical therapy sessions performed with patients. Plaintiff was not paid for time spent performing mandatory paperwork associated with the therapy sessions she performed. Plaintiff regularly worked in excess of forty (40) hours per week, worked on weekends and in the evenings. Plaintiff was not paid overtime when she worked in excess of forty (40) hours in a work week as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

12.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff's overtime compensation to which they were lawfully entitled for the period of time each work week they performed labor on behalf of Defendants.

13.     Defendant failed to keep accurate time records of all the hours worked by Plaintiff and those similarly situated in violation of 29 CFR §516. Defendants kept track of the "billable hours" worked by Plaintiff; and the

"assessments" for which a fixed sum was paid; but did not keep track of the total hours actually worked by Plaintiff.

14. Defendants have intentionally and willfully failed to pay overtime wages to Plaintiff. Defendants had knowledge of Plaintiff's schedules and the overtime hours that Plaintiff and similarly situated employees worked, and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants knew the significance of having Plaintiff work in excess of forty (40) hours in a work week because the THERAPIST EMPLOYMENT AGREEMENT forbade physical therapists from working in excess of forty (40) hours per week without permission. Plaintiff, however, was regularly required to work in excess of forty (40) hours in a work week in order to complete her mandatory job assignments.

15. Defendants remains owing Plaintiff and similarly situated employees these overtime wages since the commencement of Plaintiff's and similarly situated employees' employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages, or "liquidated damages."

16. Plaintiff has retained the law firm of Sean Culliton, Esq., LLC to

represent him and has incurred attorneys' fees and costs in bringing this action.

>   **WHEREFORE**, Plaintiff and similarly situated employees demand:

a.  Judgment against the Defendants, jointly and severally, for the payment of compensation for all overtime hours at one and one-half their regular rate of pay for the hours worked for which Plaintiff and similarly situated employees have worked and not been properly compensated;

b.  Liquidated damages in an amount equal to the amount of unpaid overtime;

c.  Reasonable attorneys' fees and costs of suit,

d.   All other appropriate relief including prejudgment interest if liquidated damages are not awarded.

## DEMAND FOR JURY TRIAL

Plaintiff and similarly situated employees demand a trial by jury as to all issues so triable.

Dated: September 15, 2022

Respectfully submitted,

  /s/Sean Culliton

Sean Culliton, Esq.

FBN: 0986232

E-mail:  sean@seancullitonlaw.com

Sean Culliton, Esq., LLC

285 Pinewood Drive

Tallahassee, FL 32303

Phone: (850)385-9455

Facsimile: (813)441-1999

**Counsel for Plaintiff**